IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL SALDANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. |
| vs | § | |
| | § | JURY TRIAL DEMANDED |
| POLYONE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## **DEFENDANT POLYONE CORPORATION'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, PolyOne Corporation ("PolyOne" or "Defendant"), hereby removes the above-captioned action from the from the 334th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show:

## **BACKGROUND**

1. Plaintiff Raul Saldana ("Plaintiff") commenced this action in the 334th Judicial District Court of Harris County, Texas against Defendant.

2. Plaintiff asserted bodily injury claims against Defendant, arising out of an alleged accident that occurred at Defendant's facility in Seabrook, Texas (herein referred to as the "Accident"). Plaintiff's alleged causes of action arising from the Accident are premises liability and negligence.

3. Plaintiff seeks actual and special damages, including medical expenses in the pasta and future, paid and suffering in the past and future, mental anguish in the past and future, and lost wages/income in the past and future.

**GROUNDS FOR REMOVAL**

4. There is complete diversity between the parties. Plaintiff is a citizen of the State of Texas. Defendant is a citizen of the State of Ohio. Plaintiff amended his state court petition on January 22, 2019 and named MTM Electrical Corporation as a defendant. On February 5, 2020, Plaintiff non-suited MTM Electrical Corporation. Therefore, the only parties to the litigation are Plaintiff and PolyOne.

5. A defendant may remove a case to federal court thirty days after it receives "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 690 (5th Cir. 1995). Here, while the live pleadings in the case state the "maximum amount Plaintiff seeks to recover is $75,000," on October 16, 2020, Plaintiff made a settlement demand of $250,000. A settlement demand in which the amount demanded exceeds the $75,000 jurisdictional threshold constitutes such "other paper" by which a defendant may ascertain the case is removable. *See, e.g., Stewart v. World Ins. Co.*, Case No. 4:06-cv-501, 2007 U.S. Dist. LEXIS 99518, *at 5-6 (E.D. Tex. Aug. 30, 2007). Here, PolyOne first ascertained that the amount of controversy exceeded $75,000 upon receipt of the settlement demand on October 16, 2020. Therefore, this Notice of Removal is timely.

6. A pleading is made in bad faith when the state procedural rules prohibit the plaintiff from pleading a specific amount in controversy, but the plaintiff does so anyway, in an amount sure to evade federal jurisdiction. *Yado v. Palomar Specialty Ins. Co.*, Civil Action No. 7:17-CV-00083, 2017 U.S. Dist. LEXIS 231681, at *4 (S.D. Tex. May 11, 2017). Here, Texas law does not permit Plaintiff's demand for a specific amount of damages. *Chavez v. State Farm Lloyds*, Civil Action No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *5 (S.D. Tex.

Feb. 18, 2016).  Therefore, Plaintiff's claim for relief less than $75,000 in the Amended Petition, while in reality seeking $250,000 constitutes bad faith manipulation aimed at avoiding removal. *See Id.* at *5-6.

7. Venue is appropriate because this Court is in the district and division embracing the place where the state court action is pending.  28 U.S.C. § 1441(a).

8. As required by 28 U.S.C. § 1446(a) and Local Rule 81 of the U.S. District Court for the Southern District of Texas, Defendant has attached the following to this Notice of Removal: (1) all executed process in the case; (2) all pleadings asserting causes of action and all answers to such pleadings; (3) all orders signed by the state judge; (4) the state court docket sheet; (5) an index of matters being filed; and (6) a list of all counsel of record, including addresses, telephone numbers, and parties represented.

9. Pursuant to 28 U.S.C. § 1446, almost immediately after the filing of this Notice of Removal, Defendant will file a copy of this Notice of Removal in the 334 Judicial District Court of Harris County, Texas, and provide Plaintiff with copies of the Notice of Removal, the exhibits to this Notice of Removal, and the notice filed with the state court.  Removal of this case is effective as of that date, pursuant to 28 U.S.C. § 1446.

10. No other party needs to consent to this removal.

11. Pursuant to Fed. R. Civ. P. 5(d), Defendant will file with this Court a Certificate of Service of the Notice of Removal provided to the only other party, Plaintiff.

## JURY DEMAND

10. Plaintiff has made a demand for jury trial in the State Action.

3

## CONCLUSION

Based on the foregoing, Defendant PolyOne Corporation gives notice that further proceedings in the state court are discontinued and that this suit is removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**VORYS, SATER, SEYMOUR & PEASE, LLP**

/s/ Akilah F. Craig
Steven R. Rech
Texas Bar No. 16649200
srech@vorys.com
Akilah Craig
Texas Bar No. 2407194
afcraig@vorys.com
909 Fannin Street, Suite 2700
Houston, Texas 77010
(713) 588-7000 Telephone
(713) 588-7050 Facsimile

*Attorneys for Defendant PolyOne Corporation*

## CERTIFICATE OF SERVICE

I certify that on November 16, 2020, I electronically filed *Defendant PolyOne Corporation's Notice of Removal*, which will send notice of such filing to the following:

David K. Mestemaker
Norman Straub
Jonathan B. Zumwalt
dkm@mandsattorneys.com
nstraub@mandsattorneys.com
jbz@mandsattorneys.com

*Attorneys for Plaintiff*

/s/ Akilah F. Craig
Akilah F. Craig